UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. CV 19-8226-CJC (KS) | Date: September 26, 2019 |
| Title  *Robert H. Dunlap v. Sherman* | |

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

| Gay Roberson | |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

On September 23, 2019, Robert H. Dunlap ("Petitioner"), a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. (Dkt. No. 1.) The Petition presents two grounds for habeas relief: (1) Petitioner received an unauthorized sentence in light of Proposition 36; and (2) Petitioner received an unauthorized sentence in light of ex post facto legislation, California Senate Bill SB-1437. (Petition at 6, 8.) The Petition indicates that Petitioner has not presented either of these claims to any state court. (*See generally* Petition.)

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. *Rose v. Lundy*, 455 U.S. 509, 518-22 (1982). Accordingly, the habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

To satisfy the federal habeas statute's exhaustion requirement, a state prisoner must "fairly present" his federal claim to the state courts, that is, give them a fair opportunity to consider and correct violations of the prisoner's federal rights. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc). A state prisoner who, like Petitioner, is seeking relief with respect to a California conviction is required to "fairly present" his federal claims to the California Supreme Court. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (a state prisoner must fairly present his claim to a state supreme court having the power of

discretionary review); *Keating v. Hood*, 133 F.3d 1240, 1242 (9th Cir. 1998). Here, however, it appears that Petitioner has not presented his claims to the state supreme court, and, consequently, the Petition is subject to dismissal for failure to state a claim upon which relief may be granted. *See Rose*, 455 U.S. at 510, 521; *see also* 28 U.S.C. § 2243 (if it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may dismiss the action without ordering service on the requested party); Rule 4, Rules Governing Section 2254 cases in the United States District Courts (petition may be summarily dismissed if petitioner plainly not entitled to relief); Local Rule 72-3.2.

In light of the foregoing, and in the interests of justice, Petitioner is **ORDERED TO SHOW CAUSE no later than October 17, 2019** why the Petition should not be dismissed as a wholly unexhausted petition. To discharge this Order, Petitioner shall file <u>one</u> of the following no later than the October 17, 2019 deadline:

**(1)** a Response to this Order that establishes that the exhaustion process is complete – that is, that the California Supreme Court has considered and adjudicated Petitioner's claims for relief, either on direct appeal or habeas review;

**(2)** a signed document entitled Notice of Voluntary Dismissal[1]; or

**(3)** a request for a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005) that establishes <u>all three of the following</u>: (i) there is "good cause" for Petitioner's failure to exhaust his claims for relief; (ii) the unexhausted claims are "potentially meritorious;" and (iii) Petitioner has not engaged in "intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 277-78; *see also Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016) ("a district court has the discretion to stay and hold in abeyance fully unexhausted petitions under the circumstances set forth in *Rhines*"); *Dixon v. Baker*, 847 F.3d 714, 721-22 (9th Cir. 2017) (discussing the good cause standard for a *Rhines* stay).

---

[1]     Under this option, to pursue federal habeas proceedings, Petitioner, once the state exhaustion process is complete, would have to file a new and fully-exhausted federal habeas petition containing all his exhausted claims. Petitioner is cautioned that any such new federal habeas petition he might file would be subject to the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  CV 19-8226-CJC (KS)                                      Date: September 26, 2019

Title  *Robert H. Dunlap v. Sherman*

     Petitioner may also choose to state in his Response "I wish to receive a *Rhines* stay but, if my request for a *Rhines* stay is denied, then I wish to voluntarily dismiss this action pursuant to Fed. R. Civ. P. 41(a)(1) instead." However, this statement is not, without more, a sufficient basis for a *Rhines* stay.  **Any request for a *Rhines* stay must satisfy the three part standard set forth above**.

     **If Petitioner fails to file a response that complies with this Order by the October 17, 2019 deadline, the Court will recommend dismissal of this case without prejudice.**

     **IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | gr |